## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| In re:<br><br>Mary Brickell Village Hotel, LLC,<br><br><br>Debtor.[1] | )<br>)<br>)   Chapter 11<br>)<br>)   Case No. 21-17103 (RAM)<br>)<br>)<br>) |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
### (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363,
### (II) DEEMING ITS SECURED LENDER ADEQUATELY PROTECTION PURSUANT
### TO 11 U.S.C. §§ 361 AND 363, AND (III) SCHEDULING A FINAL HEARING

*(Emergency Hearing Requested)*

**Basis for Expedited Relief**

The Debtor seeks to continue to operate its business in the ordinary course, to preserve the value of its estates, to preserve jobs, and to facilitate its orderly reorganization.  Without the immediate authorization to use Cash Collateral (as defined herein), the Debtor will not be able to meet payroll and other obligations necessary for its day-to-day operations.  The Debtor respectfully requests that the Court conduct a hearing on this Motion within three (3) business days of the Petition Date (as defined herein), consistent with Local Rule 9013-1(F), as the Debtor believes that a hearing on this Motion is needed as soon as practicable in order for it to continue to operate.  The Debtor respectfully requests that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtor (the "Debtor") by  and  through  its undersigned  proposed

counsel,  submits  this  motion (the "Motion")  for  entry  of  an interim  order substantially in the

form submitted herewith  (the "Interim Order"), and a final order  (the "Final Order" and together

---

[1]  The last four digits of the Debtor's tax identification number are 7701.  The Debtor's principal address is 1001 SW 2nd Ave., Miami, FL 33130.

with the Interim Order, the "Cash Collateral Orders"), pursuant to sections 105(a) ,361, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), (i) authorizing the Debtor's continued use of cash collateral pursuant to section 363 of the Bankruptcy Code; (ii) deeming its secured lender adequately protected, on the terms and conditions set forth herein, pursuant to section 361 and 365 of the Bankruptcy Code; and (iii) scheduling a hearing (the "Final Hearing") pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to consider entry of the Final Order, authorizing the use of cash collateral on a final basis.

In further support of this Motion, the Debtor relies upon the *Declaration of Pedro Villar in Support of the Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith, and respectfully states as follows:

## Jurisdiction, Venue and Statutory Predicates

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105, 361, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules, 2002, 4001, and 9014 and Local Bankruptcy Rule 4001-2 (and the Bankruptcy Court's *Guidelines for Motions Seeking Authority to Use Cash Collateral and Motions Seeking Approval of Postpetition Financing* (the "Guidelines") incorporated therein), 9013-1, and 9075-1.

## Disclosures Under the Bankruptcy Rules, Local Rules, and Guidelines

4.      The following disclosures are provided pursuant to the requirements of Bankruptcy Rule 4001(b), Local Rules 4001-2, 9013-1(F) and (G), and the Guidelines:

a. <u>Cash Collateral</u>:  As used herein, "Cash Collateral" shall mean any collateral constituting "Cash Collateral", as such term is defined in section 363 of the Bankruptcy Code.

b. <u>Party with an Interest in Cash Collateral</u>:  DF VII REIT Holdings, LLC, a Delaware limited liability company (the "<u>Lender</u>"), is the sole entity with a lien interest in Cash Collateral.  Pursuant to the Financing Statements (as defined herein), the Lender asserts a security interest in the Cash Collateral.  The principal unpaid balance pursuant to the Loan Documents (as herein defined) with the Lender is $17,000,000.00, and the precise balance due thereon is contested, but under no circumstances exceeds $21,374,747.11.  For the avoidance of doubt, nothing herein or in the Cash Collateral Orders shall constitute a provision of finding of fact that binds the Debtor's estate or any party in interest with respect to the validity, perfection, or amount of the Lender's prepetition lien, claim, or debt, or the waiver of claims against the Lender, in accordance with Section II(B)(2) of the Guidelines.  In fact, the genesis of this Chapter 11 Case is the dispute relating to the outstanding amount due to the Lender that is collateralized.

c. <u>Proposed Use of Cash Collateral</u>:  The Debtor proposes to use Cash Collateral solely for working capital purposes, including but not limited to, operating the Debtor's business, including to pay wages, purchase supplies, and pay outside vendors, and such use shall be limited to the payment of such amounts and for such items.

d. <u>Termination Date</u>:  The Debtor will continue to use its Cash Collateral (including both cash on hand and cash generated from the operation of its business) until the earliest occurrence of: (a) the date that is twenty-one (21) days following the entry of this Interim Order if the Final Order is not entered by such date; (b) the date set forth at the Hearing, if the Interim Order is modified by pronouncement in open court at the same; or (c) such date or time and on such term set forth in the Final Order, upon entry thereof.

e. <u>Adequate Protection</u>:  The Debtor seeks an order of the Bankruptcy Court deeming that the Lender is adequately protected against the use of Cash Collateral by the Debtor in the form of an equity cushion of, at least, fifty-two percent (52%) in combination with the Debtor's continued monthly payment of $123,960.89 as required under the Lender's loan documents.

## Background

### I.     General Background.

5.     On the date hereof, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

6.     The Debtor is operating its business and managing its property as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Case.

7.     The Debtor operates the Aloft Miami Brickell Hotel (the "Hotel").  The Hotel consists of fourteen stories, one hundred and sixty rooms, a fitness center, a large pool deck, a nine-hundred-square-foot terrace for events, and one hundred valet parking spaces.

8.     Due to the onset of the coronavirus pandemic, the Debtor's main source of revenue—room stays—ceased, resulting in a substantial reduction in business.  Because of this massive business decline, and in conjunction with other disputes and lender who was unwilling to accommodate the Hotel's financial situation in respect of the temporarily reduced cashflows, the Debtor has faced significant financial hardship.  The Debtor was ultimately forced to commence this Chapter 11 Case after an involuntary acceleration of its mortgage loan.  The Debtor is confident that through the restructuring and reorganization pursuant to this Chapter 11 Case, the Debtor can resume its pre-pandemic level of operations poised for success.  A more detailed description of the Debtor's history and the facts surrounding the commencement of this Chapter 11 Case is set forth in the First Day Declaration, which is incorporated herein by reference.

## II.    The Debtor's Secured Capital Structure.

9.    The Debtor's material debt consists of a first-lien, secured loan presently owned by the Lender, in the principal amount of $17,000,000 which presently forms the basis of that certain foreclosure action in the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida, Case No. 2021-006249-CA-01, styled as *DF VII REIT HOLDINGS, LLC v. MARY BRICKELL VILLAGE HOTEL, LLC, et al.* (the "Foreclosure Action").  The First Day Declaration provides a more detailed account of the Foreclosure Action and the other events that precipitated the Chapter 11 Case.

10.    Between 2012 and 2014, the Debtor executed a series of loan documents (the "Loan Documents"), attached as Exhibit 1 through Exhibit 19 to that certain *Verified Complaint* filed on March 15, 2021 (the "Foreclosure Complaint") in the Foreclosure Action.  The Loan Documents include, as Exhibits 10, 17, 18 and 19 attached to the Foreclosure Complaint, certain financing statements filed with the Florida Secured Transactions Registry (the "Financing Statements").

11.    The Financing Statements purport to establish a security interest in, *inter alia*, the Debtor's: "(i) accounts receivable (including without limitation, any account, fees, charges or other payments arising from the use and occupancy of hotel rooms and/or other hotel or public facilities at the [Hotel]), (ii) credit card receivables, and (iii) reserves, escrow and deposit accounts maintained by Debtor with respect to the [Hotel] . . . ."  The Financing Statements also purport to establish a security interest in "[a]ll leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the [Hotel]" and all proceeds of the enumerated collateral.  For the avoidance of doubt, and without waiver of any claim or defense of the Debtor, the security interests in Cash Collateral, to the extent that they exist, stem solely from the Lender's purported interest in the Debtor's accounts receivable, and *not* on account

of any "Assignment of Rents and Leases" contained in the Loan Documents, as courts applying Florida law have routinely held that hotel revenues are *not* real property rents, as such term is used in Section 697.07, Florida Statutes, or the Loan Documents. *In re Shore Haven Motor Inn, Inc.*, 124 B.R. 617, 618 (Bankr. S.D. Fla. 1991) ("A number of courts have addressed the issue of whether revenues derived from operation of a hotel are 'rents' subject to the security interest created by a recorded mortgage deed. The majority of jurisdictions, including the bankruptcy courts  of this district, have declared hotel revenues to be personalty and not rents."); *In re Punta Gorda Assocs.*, 137 B.R. 535, 537 (Bankr. M.D. Fla. 1992) (same); *In re Ashoka Enters., Inc.*, 125 B.R. 845, 846 (Bankr. S.D. Fla. 1990) (same); *Orlando Hyatt Assocs. v. FDIC*, 629 So. 2d 975, 976 (Fla. 5th DCA 1993) (same); *Terant v. Beltway Capital, LLC*, 147 So. 3d 1103, 1105-06 (Fla.3d DCA 2014) (agreeing that "'rents' contemplated in Section 697.07 does not include the revenues collected by a hotel from charges to hotel guests," but ruling that the issue was not properly appealed and the lower court's incorrect application of law was not "fundamental error").

12.     The Debtor reserves the right to contest the validity, priority, and extent of the liens and claims of the Lender, in accordance with the Interim Order and Final Order.

### Request for a Hearing to Consider Granting the
### Interim Order and Authorizing the Debtor's Use of Cash Collateral

13.     Pursuant to Bankruptcy Rule 4001(b)(2), a final hearing on a motion to use Cash Collateral may not be commenced earlier than fourteen (14) days after service of such motion. Pursuant to the same, upon request, the Court may conduct a preliminary, expedited hearing on such motion and authorize the use of cash collateral to the extent "necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

14.     It is essential for the continued operation of the Debtor's business that it be authorized by this Court to use Cash Collateral as set forth in the Interim Order pending the final

hearing on the Motion.  Unless this Motion is approved on an interim basis, the Debtor will have difficulty paying its employees and satisfying its ongoing operational obligations, which would have a devastating effect on the Debtor's operations and hopes for effective reorganization.  Thus, funds are urgently needed to meet all of the Debtor's working capital and other liquidity needs.  In the absence of immediate relief, the Debtor's attempts to continue its business in the ordinary course will be immediately and irreparably jeopardized.

15.      Moreover, it is essential that the Debtor maintain its profits and have access to its Cash Collateral as a going concern, such that the Debtor can demonstrate to potential lenders that it is able to operate effectively, despite the Chapter 11 Case, and so it can obtain the critically needed financing.  The Lender has thus far intentionally acted in a manner that has severely diminished the Debtor's ability to obtain such financing.

16.      The interim relief requested herein is essential to enable the Debtor to fulfill its existing obligations.  These sums will be required to pay employees, and other operating expenses that are the very minimum necessary for the Debtor to continue operating for the benefit of all of its creditor constituencies, including the Lender.

17.      Accordingly, the Debtor respectfully requests approval of the Motion, pending a final hearing on the Motion, on an emergency basis, on the terms and subject to the conditions set forth in the Interim Order, or on such other terms that the Bankruptcy Court may deem appropriate.

**Basis for Relief**

**A.      Applicable Standards for the Debtor's Use of Cash Collateral.**

18.      Section 363 of the Bankruptcy Code generally governs the use of estate property. Section 363(c)(2) governs a debtor's use of cash collateral.  It provides, in relevant part:

> The [debtor in possession] may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless —

(A)     each entity that has an interest in such cash collateral consents; or

(B)     the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

19.     Further, section 363(e) of the Bankruptcy Code provides for "adequate protection" of interests in property when a debtor uses cash collateral.  Although section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis.  *Desert Fire Prot. v. Fontainebleau Las Vegas Holdings, LLC (In re Fontainebleau Las Vegas Holdings, LLC)*, 434 B.R. 716, 749 (S.D. Fla. 2010) ("The adequacy of protection must be determined on a case by case basis.") *citing* 3 Collier on Bankruptcy P 361.03[1];  *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ("[T]he determination of adequate protection is a fact-specific inquiry . . . left to the vagaries of each case."); *In re Big Dog II, LLC*, 602 B.R. 64, 64 (Bankr. N.D. Fla 2019) ("What constitutes adequate protection is a question of fact to be determined on a case-by-case basis."); *SouthPoint Glob. Invs., LLC v. Warren (In re Westport Holdings Tampa, Ltd. P'ship)*, 607 B.R. 715, 729 (M.D. Fla. 2019) ("A determination of whether there is adequate protection is made on a case by case basis.").

20.     Indeed, "[i]n many cases, the existence of an equity cushion in existing collateral is sufficient in and of itself to provide adequate protection of a secured creditor's interest in property." *In re M.D. Moody & Sons, Inc.*, 2010 Bankr. LEXIS 5220, at *22 (Bankr. M.D. Fla. Mar. 5, 2010); *see also Acquisition Corp. of Am. v. Fed. Sav. & Loan Ins. Corp.*, 96 B.R. 380, 382 n.8 (S.D. Fla. 1988) (holding, in the stay relief context governed by the same section of the Bankruptcy Code, "[i]t has been held that an equity cushion in and of itself is legally sufficient to satisfy the adequate protection requirement"); *NLG, LLC v. Selective Advisors Grp., LLC*, 2019 U.S. Dist. LEXIS 49437, at *7 n.3 (S.D. Fla. Mar. 22, 2019) ("The United States Bankruptcy Code

provides for the concept of adequate protection for creditors in a bankruptcy proceeding which has been defined as "equity cushion" — the difference between the outstanding debt and value of the collateral.").

21.     The degree of the "cushion" is of particular relevance in this analysis.  Equity cushions of 20% or more have often been found, as a matter of fact, to be sufficient for adequate protection purposes, and courts have deemed even lesser cushions as adequate protection.  *In re M.D. Moody* 2010 Bankr. LEXIS 5220, at *23; *see also In re Hawaiian Pacific Industries,* 17 B.R. 670 (Bankr. D. Ha. 1982) (15% is adequate); *In re Pitts,* 2 B.R. 476 (Bankr. C.D. Ca. 1979) (15% is adequate); *In re Rodgers Development Corp.,* 2 B.R. 679 (Bankr. E.D. Va. 1980) (17% is adequate); *In re Las Torres Dev., LLC*, 413 B.R. 687, 697 (Bankr. S.D. Tex. 2009) (20% is adequate); *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984) (20% is adequate); *In re Helionetics,* 70 B.R. 433 (Bankr. C.D. Ca. 1987) (20.4% is adequate); *In re Dunes Casino Hotel,* 69 B.R. 784 (Bankr. D. N.J. 1986) (30% is adequate); *In re Ritz Theatres*, 68 B.R. 256, 260 (Bankr. M.D. Fla. 1987) (38% is adequate); *In re Dunes Casino Hotel*, 69 B.R. 784, 795-96 (Bankr. D.N.J. 1986) (45% is adequate); *In re Nashua Trust Co*., 73 B.R. 423, 433 (Bankr. D. N.J. 1987) (50% is adequate).

**B.     The Debtor's Use of Cash Collateral is Appropriate in the Instant Case.**

22.     In the instant case, the Debtor seeks authorization to use Cash Collateral pursuant to section 363(c)(2)(B) (i.e., by authorization of the Bankruptcy Court).  Further, given the tenor of the Lender to date, the notion of even discussing the use of cash was, in the Debtor's judgment, futile.  The Cash Collateral proposed to be used by the Debtors may include cash-on-hand and cash to be generated from the continued operations of the Debtor's business, including hotel revenue and collection of its accounts receivable.

23.     The total amount owed to the Lender is (without concession as to the amount of

such claim or waiver as to any claim or defense related to such claim), at an absolute maximum, $21,374,747.11. The value of the Hotel alone (which is also collateral under the Loan Documents) is *at least* $32,000,000.00 (according to the Lender's own appraisal). Accordingly, on account of the Hotel collateral alone, the Lender enjoys an equity cushion of 52%. When considering the fact that the Lender also has a security interest, under the Financing Statements, on personalty present on the Hotel's premises in addition to any interest in Cash Collateral, this equity cushion actually *exceeds* 52%.

24.     Nevertheless, out of an abundance of caution and to ensure the Debtor is able to continue its operations with little disruption in the ordinary course and to facilitate the effective reorganization of the Debtor's affairs, the Debtor will continue to make monthly payments to the Lender in the amount of $123,960.89. These payments, when viewed in conjunction with the immense equity cushion enjoyed by the Lender, provide ample adequate protection thereto sufficient to allow the Debtor to use its Cash Collateral. Further, the Debtor has a critical need to be able to demonstrate its profits so it can effectively refinance the loan with the Lender, which the Lender has engaged in intentional efforts to prevent from happening.

25.     It is well-established that a bankruptcy court may grant the use of Cash Collateral in order to preserve or enhance a debtor's ability to remain a going-concern. *In re George Ruggiere Chrysler-Plymouth, Inc*., 727 F.2d 1017, 1019 (11th Cir. 1984). Because the Debtor has a dire need to continue its operations on an interim (and final) basis to achieve any hope at an effective reorganization, the Bankruptcy Court should enter the Interim Order (and, eventually, the Final Order) on the terms set forth therein to allow the Debtor's use of Cash Collateral in order to preserve and enhance its ability to remain a going-concern.

**<u>Notice</u>**

26.      The Debtor will provide notice of this motion via first-class mail and electronic mail to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) the Lender, (c) its creditors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

27.      No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein, in the First Day Declaration, the Debtor respectfully requests that this Court (a) enter the Interim Order granting the relief requested herein on an interim basis, and (b) schedule the Final Hearing pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) to consider entry of the Final Order, authorizing and approving use of cash collateral on a final basis, and (c) grant such other and further relief as the Court deems appropriate.

Dated:   July 21, 2021
        Miami, Florida

        Respectfully submitted,

        **PACK LAW**
        *Proposed Counsel to the Debtor and Debtor-in-Possession*
        51 Northeast 24th Street, Suite 108
        Miami, Florida 33137
        Telephone: (305) 916-4500

        By:   */s/ Joseph A. Pack*
            Joseph A. Pack
            Email:  joe@packlaw.com
            Florida Bar No. 117882

            Jessey J. Krehl
            Email:  jessey@packlaw.com
            Florida Bar No. 1025848

**Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Mary Brickell Village Hotel, LLC, | ) |
| | ) Case No. 21-17103 (RAM) |
| | ) |
| Debtor.[1] | ) |
| | ) |

**INTERIM ORDER**
**(I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363,**
**(II) DEEMING ITS SECURED LENDER ADEQUATELY PROTECTION PURSUANT**
**TO 11 U.S.C. §§ 361 AND 363, AND (III) SCHEDULING A FINAL HEARING**

Upon the motion, (the "Motion")[2] of Mary Brickell Village Hotel, LLC, the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order") (i) authorizing use of Cash Collateral pursuant to 11 U.S.C. § 363,

---

[1] The last four digits of the Debtor's tax identification number are 7701. The Debtor's principal address is 1001 SW 2nd Ave., Miami, FL 33130.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(ii) granting adequate protection pursuant to 11 U.S.C. §§ 361 and 363, and (iii) scheduling a final hearing pursuant to Bankruptcy Rule 4001, all as more specifically set forth in the Motion; and upon the *Declaration of Pedro Villar in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed contemporaneously with the commencement of this Chapter 11 Case on July 21, 2021 (the "Petition Date"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**[3]

1.       The Motion is GRANTED, pending final hearing, as set forth herein.

2.       Objections to entry of the Final Order must be filed by _____, 2021 at [__] and served on the Debtor's counsel. A final hearing, if required, on the Motion will be held n _____, 2020 at _____ __.m. (ET)

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

(the "Final Hearing").  If no objections are filed to the Final Order, the Court may enter the Final Order without further notice or hearing.

3.      The statutory predicates for the relief sought in the Motion are sections 105, 361, and 364 of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules and Rule 4001–2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules").

4.      Notice of the Motion for the Hearing on the Debtor's proposed use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notices are appropriate and sufficient for all purposes under the Bankruptcy Code and applicable Bankruptcy Rules with respect to the relief requested.

5.      The Court finds that the Debtor does not have sufficient unencumbered cash or other assets to continue to operate its business during this Chapter 11 Case or to effectuate a reorganization without the use of the Cash Collateral of the Lender.  The Debtor will be immediately and irreparably harmed if it is not immediately granted the authority to use Cash Collateral in order to permit, among other things, the orderly continuation of its business, the ability to fund payroll and payroll taxes, satisfaction of its working capital needs, as well as the ability to pay taxes, inventory, supplies, overhead, insurance, and other necessary expenses.  The access of the Debtor to sufficient working capital and liquidity made available through the use of Cash Collateral is vital to the preservation and maintenance of the going concern value of the Debtor and a successful reorganization of the Debtor.

6.      The Debtor has requested the immediate entry of this order pursuant to Bankruptcy Rule 4001(b) and (c), and Local Rule 4001-2.  Absent the entry of this Order, the Debtor and its estate will be immediately and irreparably harmed.

3

7.      The Debtor is hereby authorized to use Cash Collateral pursuant to and in accordance with the terms of this Interim Order until the earliest occurrence of: (a) the date that is twenty-one (21) days following the entry of this Interim Order if the Final Order is not entered by such date; (b) the date set forth at the Final Hearing, if the Interim Order is modified by pronouncement in open court at the same; or (c) such date or time and on such term set forth in the Final Order, upon entry thereof.

8.      Until the Final Hearing, which is hereby scheduled to occur on [___], 2021 at []:[] [].m. (EST), the Lender shall be deemed adequately protected for the Debtor's use of Cash Collateral, by virtue of its equity cushion and the proposed payments thereto, as set forth more fully in the Motion.

9.      As set forth herein, the Debtor is authorized to use its Cash Collateral (including both cash on hand and cash generated from the operation of its business).

10.     The entry of this Interim Order is without prejudice to the rights of any party in interest, including any Official Committee of Unsecured Creditors (the "Committee"), appointed in this Chapter 11 Case, to challenge the prepetition liens of the Lender or any other party to the extent such a right exists.

11.     Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due prior to the date of the Final Hearing.

12.     Nothing herein or in the Motion shall be construed as to limit, or in any way affect, the Debtor's ability to dispute or contest the amount of or basis for any claims against the Debtor.

13.     All applicable financial institutions are authorized and directed to receive, process, honor, and pay, at the Debtor's direction, to the extent of funds on deposit or otherwise available therefor, any and all checks drawn or electronic fund transfers requested or to be requested by the

4

Debtor in respect of any obligations contemplated within this Interim Order.

14.     The Debtor is authorized, but not directed, to issue new post-petition checks, or effect new electronic fund transfers, on account of any payments made hereunder to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's chapter 11 case.

15.     Nothing contained in this Interim Order or in the Motion, and no payments made pursuant to this Interim Order are intended to be or shall be construed as (a) an admission as to the validity, priority, or perfection of any claim or lien against the Debtor or its property, (b) a waiver of the Debtor's or any appropriate party in interest's rights to avoid or dispute any claim or lien against the Debtor or its property, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity, priority, or amount of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

16.     The contents of the Motion are deemed to satisfy the requirements set forth in Bankruptcy Rules 6003 and 6004.

17.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Interim Order shall be immediately effective and enforceable upon its entry, (b) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order, and (c) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Interim Order.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Interim Order.

###

**Submitted by:**
Joseph Pack, Esq.
*Proposed Counsel  for the Debtor and Debtor-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: joe@packlaw.com

Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| | )   Chapter 11 |
| Mary Brickell Village Hotel, LLC, | ) |
| | )   Case No. 21-17103 (RAM) |
| | ) |
| Debtor.[1] | ) |
| | ) |

**FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL**
**PURSUANT TO 11 U.S.C. § 363, (II) DEEMING ITS SECURED LENDER**
**ADEQUATELY PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363**

Upon the motion, (the "Motion")[2] of Mary Brickell Village Hotel, LLC, the above-captioned debtor and debtor in possession (the "Debtor") for entry of a final order (this "Final Order") (i) authorizing use of Cash Collateral pursuant to 11 U.S.C. § 363, and (ii) granting adequate protection pursuant to 11 U.S.C. §§ 361 and 363, all as more specifically set forth in the

---

[1] The last four digits of the Debtor's tax identification number are 7701.  The Debtor's principal address is 1001 SW 2nd Ave., Miami, FL 33130.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:[3]**

1.      The Motion is GRANTED, on a final basis, as set forth herein.

2.      The statutory predicates for the relief sought in the Motion are Bankruptcy Code §§ 105, 361, 362, and 363, Rule 4001 of the Bankruptcy Rules and Rule 4001–2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules").

3.      Notice of the Motion for the Final Hearing on the Debtor's proposed financing and use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notices are appropriate and sufficient for all purposes under the Bankruptcy Code and applicable Bankruptcy Rules with respect to the relief requested.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

3

4.    The Court finds that the Debtor does not have sufficient unencumbered cash or other assets to continue to operate its business during this Chapter 11 Case or to effectuate a reorganization absent use of the Cash Collateral. The Debtor will be immediately and irreparably harmed if they are not immediately granted the authority to use Cash Collateral in order to permit, among other things, the orderly continuation of its business, the ability to fund payroll and payroll taxes, satisfaction of its working capital needs, as well as the ability to pay taxes, inventory, supplies, overhead, insurance and other necessary expenses.  The access of the Debtor to sufficient working capital and liquidity made available through the use of Cash Collateral is vital to the preservation and maintenance of the going concern value of the Debtor and a successful reorganization of the Debtor.

5.    Based on the record before the Court, the terms of the use of Cash Collateral and the adequate protection explained and provided for in the Motion has been proposed in good faith, as that term is used in section 364(e) of the Bankruptcy Code and are in the best interest of the Debtor, its estate, and creditors, and are consistent with the Debtor's fiduciary duties.

6.    The Debtor has requested the immediate entry of this order pursuant to Bankruptcy Rule 4001(b) and (c), and Local Rule 4001-2. Absent the entry of this Order, the Debtor and its estate will be immediately and irreparably harmed.

7.    The Debtor is hereby authorized to use Cash Collateral pursuant to and in accordance with the terms of this Interim Order until the earliest occurrence of: (a) the date that is twenty-one (21) days following the entry of this Interim Order if the Final Order is not entered by such date; (b) the date set forth at the Final Hearing, if the Interim Order is modified by pronouncement in open court at the same; or (c) such date or time and on such term set forth in the Final Order, upon entry thereof.

4

8.      As set forth herein, the Debtor is authorized, on a final basis, to use its Cash Collateral (including both cash on hand and cash generated from the operation of its business).

9.      The entry of this Final Order is without prejudice to the rights of any party in interest, including the Official Committee of Unsecured Creditors (the "Committee"), if any, appointed in this Chapter 11 Case, to challenge the prepetition liens of the Lender or any other party to the extent such a right exists, provided however, any challenges to the validity, extent or priority of the liens or claims of the Lender or any other party.

10.     Nothing in this Final Order authorizes the Debtor to accelerate any payments not otherwise due prior to the date of the Final Hearing.

11.     Nothing herein or in the Motion shall be construed as to limit, or in any way affect, the Debtor's ability to dispute or contest the amount of or basis for any claims against the Debtor.

12.     All applicable financial institutions are authorized and directed to receive, process, honor, and pay, at the Debtor's direction, to the extent of funds on deposit or otherwise available therefor, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtor in respect of any obligations contemplated within this Final Order.

13.     The Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of any payments made hereunder to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 Case.

14.     Nothing contained in this Final Order or in the Motion, and no payments made pursuant to this Final Order are intended to be or shall be construed as (a) an admission as to the validity, priority, or perfection of any claim or lien against the Debtor or its property, (b) a waiver of the Debtor's or any appropriate party in interest's rights to avoid or dispute any claim or lien

5

against the Debtor or its property, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity, priority, or amount of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

15.     The contents of the Motion are deemed to satisfy the requirements set forth in Bankruptcy Rules 6003 and 6004.

16.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (b) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order, and (c) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Final Order.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Final Order

###

**Submitted by:**
Joseph Pack, Esq.
*Proposed Counsel  for the Debtor and Debtor-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: joe@packlaw.com

Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.